# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 30, 2021

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| ROBERT JAEGLE, | * | No. 20-1421V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Ruling on Entitlement; Influenza |
| AND HUMAN SERVICES, | * | ("Flu") Vaccine; Radial Nerve Injury |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

*Renee J. Gentry*, The Law Office of Renee J. Gentry, Washington, DC, for Petitioner.
*Ronalda E. Kosh*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On October 20, 2020, Robert Jaegle ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that an influenza ("flu") vaccine administered on November 12, 2017, caused him to suffer from left radial motor neuropathy. *See* Pet. ¶¶ 7, 15–19, ECF No. 1.

On December 20, 2021, Respondent filed his report pursuant to Vaccine Rule 4(c). Resp't's Report, ECF No. 20. Respondent "recommend[ed] that compensation be awarded for left radial nerve injury." *Id.* at 1. He stated that a review of the record indicated that "a preponderance of the evidence establishes that [P]etitioner's left radial nerve injury was caused-in-fact by the flu vaccine that [P]etitioner received on November 12, 2017 . . . ." " *Id.* at 7. Respondent stated that "the statutory six month sequela requirement has been satisfied." *Id.* Respondent concluded that "[P]etitioner has satisfied all legal prerequisites for compensation under the Act." *Id.* Respondent noted that "[t]he scope of damages to be awarded are limited to [P]etitioner's left radial nerve injury." *Id.* at 8.

---

[1] This Ruling shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted ruling. If, upon review, the I agree that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

A special master may determine whether a petitioner is entitled to compensation based upon the record. A hearing is not required. §300aa-13; Vaccine Rule 8(d). In light of Respondent's concession and a review of the record, I find that Petitioner is entitled to compensation. This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master
