# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 28, 2022

```
* * * * * * * * * * * * *
ROBERT JAEGLE,                      *    No. 20-1421V
                                    *
         Petitioner,                *    Special Master Sanders
                                    *
v.                                  *    Decision on Proffer; Damages;
                                    *    Influenza ("Flu") Vaccine; Radial
SECRETARY OF HEALTH                 *    Nerve Injury
AND HUMAN SERVICES,                 *
                                    *
         Respondent.                *
* * * * * * * * * * * * *
```

*Renee J. Gentry*, The Law Office of Renee J. Gentry, Washington, DC, for Petitioner.
*Ronalda E. Kosh*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On October 20, 2020, Robert Jaegle ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program. 42 U.S.C. § 300aa-10, *et seq.*[2] (2012) ("Vaccine Act" or "Program"). Petitioner alleged that an influenza ("flu") vaccine administered on November 12, 2017, caused him to suffer from left radial motor neuropathy. *See* Pet. ¶¶ 7, 15–19, ECF No. 1.

On December 20, 2021, Respondent filed his report pursuant to Vaccine Rule 4(c). Resp't's Report, ECF No. 20. Respondent "recommend[ed] that compensation be awarded for left radial nerve injury." *Id.* at 1. He stated that a review of the record indicated that "a preponderance of the evidence establishes that [P]etitioner's left radial nerve injury was caused-in-fact by the flu vaccine that [P]etitioner received on November 12, 2017 . . . ." " *Id.* at 7. Respondent stated that "the statutory six month sequela requirement has been satisfied." *Id.* Respondent concluded that "[P]etitioner has satisfied all legal prerequisites for compensation under the Act." *Id.* Respondent noted that "[t]he scope of damages to be awarded are limited to [P]etitioner's left radial nerve

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted Decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

1

injury." *Id.* at 8. On December 30, 2021, the undersigned issued a Ruling on Entitlement, finding that Petitioner was entitled to compensation for his left radial nerve injury. Ruling on Entitlement, ECF No. 21.

On March 22, 2022, Respondent filed a Proffer on Award of Compensation ("Proffer"). Proffer, ECF No. 25. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, attached as Appendix A, the undersigned awards Petitioner:

> **[A] lump sum payment of $85,000, [representing pain and suffering,] in the form of a check payable to [P]etitioner. This amount represents all elements of compensation to which [P]etitioner is entitled under 42 U.S.C. § 300aa-15(a).**

*Id.* at 2.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ROBERT JAEGLE,           ) | |
|                          ) | |
|                          ) | |
|     Petitioner,          ) | |
|                          ) | No. 20-1421V |
|  v.                      ) | Special Master Sanders |
|                          ) | ECF |
| SECRETARY OF HEALTH AND  ) | |
| HUMAN SERVICES,          ) | |
|                          ) | |
|     Respondent.          ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On October 20, 2020, Robert Jaegle ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-10 to -34. Petitioner alleges that he suffered left arm and hand injuries as a result of an influenza ("flu") vaccine, which is a vaccine contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a), that he received in his left upper extremity on November 12, 2017. *See* Petition. On December 20, 2021, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a left radial nerve injury that was caused-in-fact by the flu vaccine received on November 12, 2017, and on December 30, 2021, the Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 21; ECF No. 22.

**I.     Items of Compensation**

    A.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $85,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.     Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $85,000.00, in the form of a check payable to petitioner.

**III.     Summary of Recommended Payments Following Judgment**

    Lump sum payable to petitioner, Robert Jaegle:    **$85,000.00**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

                                                         DARRYL R. WISHARD  
                                                         Assistant Director  
                                                         Torts Branch, Civil Division

                                                         <u>s/ Ronalda E. Kosh</u>  
                                                         RONALDA E. KOSH  
                                                         Trial Attorney  
                                                         Torts Branch, Civil Division  
                                                         U.S. Department of Justice  
                                                         P.O. Box 146  
                                                         Benjamin Franklin Station  
                                                         Washington, D.C. 20044-0146  
                                                         Tel.:  (202) 616-4476  
                                                         Email:  ronalda.kosh@usdoj.gov

DATED: March 22, 2022